IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Taylor, et al.,            Case No. 3:05 CV 7383

           Plaintiffs,            MEMORANDUM OPINION
                                                  AND ORDER

        -vs-

                                                  JUDGE JACK ZOUHARY

CSX Transportation, Inc., et al.,

           Defendants.

      On August 17, 2006, Marvin Taylor, Ralph Ulrich, Henry Green, Clinton Caszatt, Sr., David Woodruff, Palmer Dahman, Gregory Kidd, Sr., Frank Thompson, James Post, Larry Rose, Ralph Orren, Charles Swackhamer, Thomas Scanlon, Walter Weidner, Robert Fournier, James McCoy, Sidney Lewis, Jr., James McLane, Jim Taylor, William Silver, James Barr, Emory Fountain, Robert Greene, and Cheslie Lee (collectively, the "Plaintiffs") filed this class action, individually and on behalf of others similarly situated, against CSX Transportation, Inc., in its present capacity and as a successor in interest and liability to Baltimore & Ohio Railroad, Clinch Field Railroad, Seaboard Coast Line Railroad, Chessie System, Family Lines Railroad, Louisville and Nashville Railroad, Erie Lackwannie Railroad, Consolidated Rail Corporation, Chesapeake and Ohio Railroad, Atlantic Coast Line Railroad, Penn Central Railroad, Pennsylvania Railroad, and New York Central; Consolidated Rail Corporation, individually and as successor in interest and liability to Penn Central Railroad, Pennsylvania Railroad, New York Central, and Erie Lackwannie Railroad; American Premier Underwriters, Inc, individually and as successor in interest and liability to Penn Central Railroad,

Pennsylvania Railroad, New York Central, and Erie Lackwannie Railroad, and as trustee of the property of Erie Lackwannie Railroad; Baltimore & Ohio Railroad; Clinch Field Railroad; Seaboard Coast Line Railroad; Chessie System; Family Lines Railroad; Louisville and Nashville Railroad; Erie Lackwannie Railroad; Chesapeake and Ohio Railroad; Atlantic Coast Line Railroad; Penn Central Railroad; Pennsylvania Railroad; and New York Central Railroad (collectively, the "Defendants") raising claims under the Federal Employers' Liability Act ("FELA") and the Locomotive Inspection Act, and a claim under federal regulations dealing with locomotive safety standards (Docket No. 86).

| DATE | ENTRY | DOCKET NUMBER |
|---|---|---|
| 09/30/05 | Plaintiffs filed initial Complaint | 1 |
| **11/08/05** | **Defendant CSX Transportation, Inc. ("CSX") filed Motion to Dismiss** | **17** |
| **12/06/05** | **Defendant Consolidated Rail ("Conrail") filed Motion to Dismiss** | **23** |
| 01/17/06 | Plaintiffs filed Brief in Opposition | 52 |
| 01/24/06 | Defendants CSX and Conrail filed Reply | 54 |
| 06/26/06 | Plaintiffs filed Sur-Reply | 72 |
| | * * * | |
| **11/08/05** | **Defendant CSX filed Motion to Strike the Class Allegations or, in the Alternative, Motion for a More Definite Statement** | **18** |
| 12/06/05 | Defendant Conrail filed Motion to Join CSX's Motion to Strike | 25 |
| 01/25/06 | Plaintiffs filed Brief in Opposition | 55 |
| | * * * | |
| 01/31/06 | Plaintiffs filed Amended Complaint | 59 |
| 01/31/06 | Court ordered the pending Motions to Dismiss and to Strike were to be deemed directed at the Amended Complaint and gave Defendants ten (10) days to supplement previous memoranda | 58 |
| 02/09/06 | Defendants CSX and Conrail filed Supplemental Brief | 60 |

| | | |
|---|---|---|
| 02/16/06<br>06/26/06<br>07/11/06 | Plaintiffs filed Supplemental Responses | 61, 71, 77 |

\* \* \*

| | | |
|---|---|---|
| **07/14/06** | **Defendant American Premier Underwriters, Inc. ("APU") filed Motion to Dismiss** and Motion to Join in Defendant CSX's Motion to Strike | 80, **81** |
| 07/21/06 | Court granted the Motion to Join | 82 |
| 07/28/06 | Plaintiffs filed Brief in Opposition | 84 |
| 08/18/06 | Defendant APU filed Reply | 87 |

\* \* \*

| | | |
|---|---|---|
| 08/17/06 | Plaintiffs filed Second Amended Complaint | 86 |

The Court hereby **ORDERS** that the three pending Motions to Dismiss and the Motion to Strike (bolded above) are deemed directed at the Second Amended Complaint. All issues have been fully briefed and are ripe for adjudication.

For the following reasons, the Motions to Dismiss (Docket Nos. 17, 23, 81) are **DENIED**, in part, and **DEFERRED**, in part, and the Motion to Strike (Docket No. 18) is **DENIED**. The Court **ORDERS** discovery on the issue of whether Erie Lackwannie Railroad is a successor in interest.

### I. FACTUAL BACKGROUND

At all relevant times, Defendants are or were common carriers by railroad engaged in interstate commerce (Docket No. 86 "Compl.," at ¶4). Plaintiffs were employed by the various Defendants as engineers or conductors. *Id.* at ¶5.

During the course of their employment, Plaintiffs allege that they were exposed to, inhaled, and/or ingested diesel fumes and diesel exhaust emissions, gasses, and other injurious substances,

including known human carcinogens and other toxic substances, which caused respiratory and pulmonary problems including asthma, COPD, and emphysema. *Id.* at ¶¶ 50-52.

Plaintiffs raise claims under FELA and the Locomotive Inspection Act and a claim under federal regulations dealing with locomotive safety standards. *Id.* at ¶¶ 48-67. They seek an order certifying the class action and for declaratory relief, monetary damages, and attorney fees and costs. Defendants CSX, Conrail, and APU seek to strike the class allegations arguing that they do not comport with Rule 23.1 of the Federal Rules of Civil Procedure. They also seek dismissal for (1) insufficient service of process, (2) failure to state a claim upon which relief can be granted, and (3) improper venue.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the allegations are taken as true and viewed in the light most favorable to the non-movant. A claim will not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set of facts to support his claim which would entitle him to relief." *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994); *see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 885 (6th Cir. 1990).

The claim need only give fair notice as to the claim and the grounds upon which it rests. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Conclusory allegations however, are not sufficient to state a claim. Rather, a claim must set forth specific facts, which, if proved, would warrant the relief sought. *Sisk v. Levings*, 868 F.2d 159, 161 (5th Cir. 1989). In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003). A court

4

likewise need not accept unwarranted factual inferences. *Montgomery*, 346 F.3d at 697 (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. LEGAL ANALYSIS

**A. Motion to Strike**

Although Defendants CSX, Conrail, and APU initially argued that the Amended Complaint did not comport with Rule 23.1 of the Federal Rules of Civil Procedure, they have since conceded, in the interest of judicial economy, "that it would be more appropriate and efficient to address the insufficiency of plaintiffs' class action allegation in the context of class certification-related discovery and motions practice, pursuant to a case management schedule ordered by this Court" (Docket No. 60, at 2). The Court agrees. Accordingly, the Motion to Strike is denied.

**B. Motion to Dismiss**

Defendants raise three arguments with respect to the Motion to Dismiss: (1) insufficiency of service of process, (2) failure to state a claim upon which relief can be granted, and (3) improper venue. The Court will address each argument in turn.

**1. Insufficiency of Service of Process**

Although Defendants initially challenged the sufficiency of process with respect to Defendants Conrail, Erie Lackwannie Railroad ("Erie"), Penn Central Railroad ("Penn Central") and New York Central Railroad ("NY Central"), they have since conceded that service of process has been perfected against Defendants Conrail, Penn Central, and NY Central. Indeed, Conrail has been served directly and APU concedes that it was properly served as a successor in interest to Penn Central and NY Central (Docket No. 81-3, at 3). Thus, the only remaining Defendant at issue is Erie.

The parties agree that service upon a successor in interest is proper for predecessors in interest. However, Defendants CSX, Conrail, and APU maintain that Defendant Erie was liquidated without a successor in interest and thus, service upon them is improper. Plaintiffs respond that Defendant APU was a trustee of property while Defendant Erie was in bankruptcy and that it has accepted service for Defendant Erie in the past. Moreover, they contend, the issue of privity is best decided on a motion for summary judgment after discovery has been taken.

The Court agrees that a motion to dismiss for insufficient service of process is the appropriate vehicle for examining the relationship between Defendants APU and Erie given that the question of sufficiency of process is contingent upon that relationship. The Court also agrees that Plaintiffs are entitled to some discovery on this matter prior to adjudication. Thus, the Court defers a ruling on this issue until after such discovery has been taken.

**2. Failure To State A Claim Upon Which Relief Can Be granted**

Defendants CSX, Conrail, and APU argue that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs failed to comply with Rule 8(a)(2)'s requirement that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, they argue that Plaintiffs have not sufficiently alleged successor liability.

The simplified notice pleading standard of Civil Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). Thus, to satisfy this standard, pleadings need only "give the defendant fair notice

6

of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (*Quoting Conley*, 355 U.S. at 47.).

Here, the Amended Complaint alleges that various defendants have assumed the liability of its predecessor as successors in interest (Compl. at ¶¶ 7-9). It further indicates which entities are being sued in their present capacities and which are being sued as successors and/or predecessors in interest. Thus, Defendants are fully aware of what claims are being alleged and to what extent they are being sued individually and as successors and/or predecessors in interest. Civil Rule 8(a) requires nothing more.

Defendants CSX, Conrail and APU's citation to *LaFreniere v. Northwest Illinois Reg'l Computer R.R. Corp.*, 1990 U.S. Dist. LEXIS 2728 (N.D. Ill. Mar. 12, 1990); *McAllister v. Consolidated Rail Corp.*, 108 Ohio App. 3d 212 (1995); and *Pennsylvania Dep't of Envtl. Prot. v. Concept Scis., Inc.*, 232 F. Supp. 2d 454 (2002) is unavailing. In *Lafreniere*, which never even addresses the issue of successor liability, the court dismissed the plaintiff's complaint because she "ignored the pleading rules and mixed her separate legal theories and her allegations with respect to the different defendants without separating the counts pleaded." 1990 U.S. Dist. LEXIS 2728, at *8. Such errors certainly do not exist here. The plaintiff in *McAllister* was denied the right to argue successor liability in his motion for summary judgment because he never alleged successor liability in his complaint. 108 Ohio App. 3d at 218. Here, Plaintiffs clearly allege successor liability in their Complaint. Finally, although *Concept* stands for the proposition that alleging successor liability along with the specific theory of liability is sufficient to comport with Civil Rule 8(a), it by no means stands for the proposition that a plaintiff is required to do so in order to comply with notice pleading principles. 232 F. Supp. 2d at 459-60. Thus, *Concept* is inapposite.

In short, Defendants CSX, Conrail, and APU are free to contest that they are liable as successors in interest once discovery has been conducted. However, at least at this stage of the litigation, the Court concludes that they are on sufficient notice as to how Plaintiffs intend to hold them liable in accordance with Civil Rule 8(a).

### 3. Improper Venue

Finally, Defendants CSX, Conrail, and APU argue that the Northern District of Ohio is the improper venue for the instant case. The Federal Venue Statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). Here, the parties agree that Defendants do not all reside in the same state. They also agree that a substantial part of the events giving rise to the claims did not occur in a single judicial district. Thus, Plaintiffs are entitled to bring the instant action in any judicial district in which *any defendant* may be found. *See* 28 U.S.C. §1391(b). Defendant CSX conducts business in the Northern District of Ohio (Toledo) and may be found in this District. Thus, under prong three of the Federal Venue Statute, venue in this District is proper as to *all Defendants*, at least with respect to Counts Two and Three.[1]

---

[1] Defendants CSX, Conrail, and APU argue that prong three is not satisfied because another appropriate venue exists: each of the individual Plaintiffs could bring separate claims against the Defendants in the individual districts where they reside. This alternative, of course, would defeat the very purpose of the class action, i.e. consolidation. The Court agrees that the issue of whether Plaintiffs should seek individual actions as opposed to a class action would be better addressed during the class certification stage of the litigation.

> However, Count One raises a claim under FELA, which has its own venue provision:
>
> [A]n action may be brought in a circuit [district] court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States.

45 U.S.C. §56. Because Defendant CSX conducts business in the Northern District of Ohio (Toledo), venue in this District is proper with respect to it and its predecessors in interest (including Conrail), all of which conducted business in this District when they engaged in the railroad business. However, Defendants Conrail and APU maintain that venue under FELA is improper with respect to them and their predecessors because they do not conduct business in this District, do not reside in this District, and the cause of action did not arise here.

Generally, venue must be established for each cause of action, *Washington v. General Electric Corp.*, 686 F. Supp. 361, 362 (D.D.C. 1988), and for each defendant. *New York v. Cyco.net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005). "Nevertheless, where venue is proper for some, but not all, claims and where, as here, the claims arise out of the same core of operative facts, plaintiffs may rely on the doctrine of 'pendent venue' to cure any venue defect." *Sisso v. Islamic Republic of Iran*, 2006 U.S. Dist. LEXIS 59137, *12 (D.D.C. Aug. 23, 2006). As the D.C. Circuit explained:

> Whether to apply the principle of pendent venue in any given case is a discretionary decision, based on applicable policy considerations. Some of these considerations will be the same as those that support the exercise of pendent jurisdiction -- judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants. Other considerations unique to the context of venue will apply. For example, the purpose of venue rules is generally considered to be "primarily a matter of convenience of litigants and witnesses." It is also oriented to the convenience of the court system.

9

*Beattie v. United States*, 756 F.2d 91, 103 (D.C. Cir. 1984).[2] Here, venue in this District is proper with respect to all Defendants under Counts Two and Three and with respect to most Defendants under Count One. The allegations in the Amended Complaint arise out of the same core of operative facts. Moreover, Defendants are all represented by the same counsel. Thus, the Court concludes that in the interest of judicial economy, convenience, avoidance of piecemeal litigation, and fairness the doctrine of pendent venue applies and should be exercised in this case with respect to all claims as against all Defendants.

### IV.  CONCLUSION

For the foregoing reasons, Defendants CSX Transportation, Inc., Conrail, and American Premier Underwiters, Inc.'s Motions to Dismiss (Docket Nos. 17, 23, 81) are **DENIED**, in part, and **DEFERRED**, in part, and the Motion to Strike (Docket No. 18) is **DENIED**. The Court is issuing a discovery and briefing schedule consistent with this Opinion.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

August 31, 2006

---

[2] Although the Sixth Circuit has not yet addressed the issue of pendent venue, at least one judge in this District utilized the doctrine in order to exercise venue over state claims related to a pending FELA claim. *Bertz v. Norfolk S. Ry.*, 2003 U.S. Dist. LEXIS 12672 (N.D. Ohio Jun. 25, 2003) (Chief Judge Carr).