IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marvin Taylor, et al., | Case Nos. 3:05 CV 7383 |
| | 3:06 CV 1116 |
| Plaintiffs, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| | |
| CSX Transportation, Inc., et al., | JUDGE JACK ZOUHARY |
| | |
| Defendants. | |

\* \* \*

Marvin Crowl, et al.,

            Plaintiffs,

-vs-

Norfolk Southern Railway Company, et al.,

            Defendants.

This matter is before the Court on Plaintiffs' Motion to Sever (*Crowl* Doc. No. 92; *Taylor* Doc. No. 146). The parties agree that fifteen Plaintiffs do not fit the purported class definition, while twenty-one meet the definition but will not be named class representatives. The immediate issue before this Court is what to do with these thirty-six Plaintiffs.

In their Motion, Plaintiffs ask the Court for "severance" but rely on Federal Civil Rule 42(b), essentially asking to "set aside the claims of all of the Plaintiffs except Taylor, Crowl, Weidner,

Scanlon, and Camp [who] will be offered as the putative representative plaintiffs." Plaintiffs believe all thirty-six of these other Plaintiffs, including the fifteen Plaintiffs outside the purported class definition, are entitled to remain in this lawsuit with the Court addressing the merits of their claims following a ruling on class certification.

Defendants seek "a proper severance, under Rule 21, of the 36 plaintiffs who no longer wish to seek class treatment of their claims." Defendants argue that Plaintiffs' attempt to utilize Federal Civil Rule 42 for bifurcation of the severed claims is inapplicable and that Federal Civil Rule 21 is appropriate for severing all thirty-six non-representative Plaintiffs and creating thirty-six individual actions.

Federal Civil Rule 21 states in pertinent part:

Parties may be dropped[1] or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Federal Civil Rule 42(b) states in pertinent part:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or any number of claims . . .

Although sometimes there is confusion between Rule 21 and Rule 42, and they may have been confused here, the rules serve different purposes. Plaintiffs ask for "severance" but cite to Rule 42. Rule 21 governs the dropping or "severance" of parties and Rule 42(b) governs "separate trials." 4 J. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 21.06[1] (3d ed. 2006). The use of Rule 21 results in separate actions while separate trials under Rule 42(b) proceed in the same single action.

---

[1] "Dropping" a plaintiff means the plaintiff's claim is dismissed without prejudice. *See Michaels Bldg. Co., N.A. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

2

The twenty-one Plaintiffs who meet the alleged class definition but do not wish to proceed as class representatives will, for now, remain parties to *Taylor* and *Crowl*. *See Gill v. Monroe County Dep't of Social Services*, 79 F.R.D. 316, 324 n.4 (W.D. N.Y. 1978) (plaintiffs not seeking representative status and not requesting exclusion from the class are not severed but remain named members of the class). However, if the class is not certified or if these Plaintiffs do not meet the ultimate class definition, they may then be dropped from the case. This Order is in no way meant to hinder these Plaintiffs from filing individual actions in an appropriate court or taking other action to protect their individual claims.

Plaintiffs argue that the fifteen Plaintiffs who do not meet the purported class definition should also be "set aside" and remain in the *Taylor* and *Crowl* cases until class certification is determined. In support of this position, Plaintiffs cite numerous cases in their December 27, 2006 letter (*Taylor* Doc. No. 151) arguing that Rule 21 is inapplicable to situations of misjoinder. Plaintiffs argue that severing a party is not granted where cases have the same theories, claims, and evidentiary issues, and the Federal Rules should be interpreted to prevent multiple law suits and promote efficiency.

While Rule 21 is entitled "Misjoinder and Non-Joinder of Parties," the rule "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968). In fact, the language of Rule 21 does not limit its application to joinder, but only limits its use to "such terms as are just." Indeed, Rule 21 has been applied, in the absence of misjoinder, to preserve personal jurisdiction, subject matter jurisdiction, and venue, as well as to facilitate transfer to another venue. 4 MOORE'S FEDERAL PRACTICE, *supra*, § 21.02[1]. The Court believes there is sufficient justification for ordering the fifteen Plaintiffs dropped, even without a finding of misjoinder.

3

There is simply no appropriate procedural mechanism to allow these fifteen Plaintiffs to piggyback upon the two cases before the Court. Class action lawsuits were created to manage litigation by a defined group of plaintiffs and to allow those plaintiffs who meet the definition to litigate their claims together. The fifteen Plaintiffs who do not meet the class definition (and do not bring individual claims), cannot logically be part of the purported class or pursue class action status. Therefore, retaining their claims under the same case number is inappropriate, and to allow otherwise would not only unduly complicate this litigation but moreover would nullify the very purpose of class actions. Plaintiffs offer no legal authority in support of such a hybrid lawsuit.

Under Rule 21, these Plaintiffs may either be dropped (with their claims dismissed) or severed and given new case numbers. The Court has reviewed the Amended Complaints and finds that these are class actions with no individual claims for recovery. While severance may be used when a plaintiff has individual claims distinct from other class members, and the fifteen Plaintiffs' claims are arguably distinct, severance would force the Court to create individual claims where there are none pled. *Washington v. CSC Credit Services, Inc.*, 194 F.R.D. 244, 249 (E.D. La. 2000) (class representative's claims severed under Rule 21 where they were distinct from co-plaintiffs' claims and ready for adjudication). The only common thread among these Plaintiffs is that they bring an FELA claim, but that is not enough to keep their claims together in a single lawsuit. Dismissal will not prejudice these Plaintiffs but rather will allow a more expeditious resolution of their individual claims in an appropriate court.

As dismissal is the preferable procedure, the Court orders the fifteen Plaintiffs who do not meet the purported class definition dropped and their claims dismissed without prejudice. The Plaintiffs to be dropped from *Taylor* are: James Barr, Clinton Caszatt, Robert Fournier, Robert

4

Greene, Gregory Kidd, Cheslie Lee, James McCoy, Ralph Orren, James Post, Larry Rose, William Silver, and David Woodruff. The Plaintiffs to be dropped from *Crowl* are: Owen Centers, Ronald Fox, and Jerry Graben.

Plaintiffs Marvin Taylor, Walter Weidner and Thomas Scanlon are to be the representatives for the purported class in *Taylor*. Plaintiffs Marvin Crowl and Willie Camp are to be the representatives for the purported class in *Crowl*.

This leaves twenty-one Plaintiffs who meet the class definition but are not proceeding as class representatives. They will remain in the cases of *Taylor* and *Crowl* as purported class members until further Order, but they too are free, as noted earlier, to pursue an individual action if they believe such an action is appropriate for their respective claims.

IT IS SO ORDERED.

                                                                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                January 10, 2007