IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Taylor, et al.,            Case Nos. 3:05 CV 7383
                                         3:06 CV 1116
           Plaintiffs,

                                         O R D E R
     -vs-
                                         JUDGE JACK ZOUHARY

CSX Transportation, Inc., et al.,

           Defendants.

          * * *

Marvin Crowl, et al.,

           Plaintiffs,

     -vs-

Norfolk Southern Railway Company, et al.,

           Defendants.

This matter is before the Court pursuant to Plaintiffs' Motion to Alter or Amend Judgment (*Taylor* Doc. No. 159) under Fed. R. Civ. P. 59(e). Plaintiffs request the Court to alter its Order of January 10, 2007 (*Taylor* Doc. No. 158; *Crowl* Doc. No. 104) to find that all Plaintiffs have pled individual causes of action, that Plaintiffs have leave to amend their Complaints if needed, and that the statutes of limitations for each Plaintiff is tolled. The Motion was discussed briefly at a telephone status conference held January 26, 2007.

The Court grants in part Plaintiffs' Motion. The Court alters its Order to find Plaintiffs have pled individual causes of action, but declines to alter the Order further as there is no need to amend the Complaints and no need for this Court to rule on the tolling of statutes of limitations.

Motions to Alter or Amend Judgment under Civil Rule 59(e) may be granted "only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The Court believes that Plaintiffs, despite their previous inability to point to individual claims in the Complaints during discussions with the Court, now specifically reference the existence of individual claims in the *Taylor* Second Amended Complaint (*Taylor* Doc. No. 86) and *Crowl* Complaint (*Crowl* Doc. No. 1). These Complaints state that they bring their claims "individually and on behalf of others similarly situated" in the Caption and in the Class Allegations (*Taylor* Doc. No. 86, at ¶10; *Crowl* Doc. No. 1, at ¶8). Additionally, the Complaints set forth each Plaintiff's employer and alleged pulmonary condition, all of which is sufficient to put Defendants on notice of their individual claims. To hold otherwise would be both unjust and contrary to the Court's intention expressed in its earlier Order to allow Plaintiffs to pursue individual actions if they believe such actions are appropriate.

Therefore, for the reasons stated above, the Court orders its January 10, 2007 Order to be altered to reflect the finding that Plaintiffs have brought individual claims. This alteration does not change the Court's belief that dismissal, under Federal Civil Rule 21, of the fifteen Plaintiffs who do not meet the purported class definition is appropriate.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 31, 2007