IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marvin Taylor, et al., | Case Nos. 3:05 CV 7383 |
| | 3:06 CV 1116 |
| Plaintiffs, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| | |
| CSX Transportation, Inc., et al., | JUDGE JACK ZOUHARY |
| | |
| Defendants. | |

\* \* \*

Marvin Crowl, et al.,

        Plaintiffs,

-vs-

Norfolk Southern Railway Company, et al.,

        Defendants.

### BACKGROUND

This Court denied Plaintiffs' Motion for Class Certification (Doc. No. 256). Under 28 U.S.C. § 1291, Plaintiffs cannot immediately appeal this non-final order without the Court's certification of appealability under 28 U.S.C. § 1292. (Plaintiffs also filed a Petition to Accept Appeal directly with the Sixth Circuit, which that court denied (Doc. No. 263) under Federal Civil Rule 23(f)).

This matter is now before the Court on Plaintiffs' Motion for Entry of Final Judgment and for Immediate Interlocutory Appeal (Doc. No. 257). Defendants opposed the Motion (Doc. No. 258).

### DISCUSSION

Plaintiffs seek certification of the Court's Order under § 1292(b). Defendants oppose this Motion, arguing (1) it is procedurally improper because Federal Civil Rule 23(f), which allows a direct petition for certification of appeal to the Court of Appeals of orders determining class certification, provided an exclusive remedy; and (2) Plaintiffs do not meet the standard for appealability under § 1292(b). Because the Court concludes certification under § 1292(b) is not warranted, it need not decide whether Federal Civil Rule 23(f) creates an exclusive remedy for parties seeking immediate appeal of class certification decisions.

**Plaintiffs' Motion for Interlocutory Appeal is Denied**

§ 1292(b) allows a court to certify a non-final order for immediate interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. § 1292(b)

*See also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). This mechanism for allowing immediate appeals should be limited to "exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Kraus v. Bd. of County Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966) (internal quotation marks omitted).

### 1. Controlling Question of Law

A legal issue is controlling if it could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l. Union Fire Ins. Co.*, 954 F.2d 1169, n. 8 at 1172 (6th Cir.1992)).  Matters falling within the district court's discretion are not "controlling" questions of law.  *In re City of Memphis*, 293 F.3d at 351 ("[B]ecause class certification orders are discretionary, such orders do not usually involve a controlling question of law").  Class certification is reviewed by appellate courts for abuse of discretion.  *In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002).  Plaintiffs fail to demonstrate a controlling legal issue or why the class certification decision in this case is "exceptional."

### 2. Substantial Ground for Disagreement

This requirement is satisfied "when (1) the issue is difficult and of first impression, (2) a difference of opinion exists within the controlling circuit, or (3) the circuits are split on the issue." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D.Tenn. 2000) (citations omitted).

None of these conditions are satisfied.  First, the issue of class certification is not one of first impression, and the particular fact pattern of this case is not novel.  As Defendants point out, the Court's analysis did not turn on novel applications of the FELA or LIA, but rather on general principles of personal injury and class certification.  Furthermore, Plaintiffs have not demonstrated a difference of opinion within the Sixth Circuit or a split of opinion among the federal appellate courts which warrant an immediate review.

### 3. Material Advancement of the Litigation

This requirement may be met by judicial economy. *See Eagan v. CSX Transp. Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003) (elimination of need for second trial would materially advance the litigation). Plaintiffs argue an interlocutory appeal would eliminate the need for multiple threshold trials, but this Court found quite the contrary: namely, there would still remain numerous individual trials on causation resulting in an "exhaustive" burden on the parties and this Court. In short, judicial economy is not advanced by an interlocutory appeal.

### CONCLUSION

For the foregoing reasons, Plaintiffs have failed to satisfy § 1292(b) requirements and the Motion is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 28, 2007